28392. TABOR *v.* CLIFTON.

DECIDED NOVEMBER 30, 1940.

770

*J. C. Bowden, A. G. Smith,* for plaintiff.

*Bryan, Middlebrooks & Carter,* for defendant.

STEPHENS, P. J.   (After stating the foregoing facts.)

The defendant did not demur on the ground that no cause of action was alleged.   The sole attack on the petition as a whole was on the ground that it appeared from the face thereof that the plaintiff's alleged cause of action was barred by the statute of limitations.   The sole question presented for decision is whether whatever cause of action the plaintiff may have had for the alleged illegal and unauthorized removal from her body by the defendant of a tube and ovary, to her damage as alleged, was barred by the

statute of limitations. The wrongful act of the defendant, as appears from the petition, occurred on November 24, 1928. As the suit was not filed until July 28, 1939, more than ten years afterwards, the cause of action, if there was one ex contractu or ex delicto, was barred unless the plaintiff was ignorant of the fact that the defendant had removed her tube and ovary, and the defendant had fraudulently withheld and concealed this fact from her, and the suit was filed within the statutory period after the discovery by her of such fraud. Code, § 3-807.

Where there is a confidential relationship, such as that between physician and patient, by which the physician is under a duty to inform the patient of the nature and character of any operation which he has performed on the patient, and where the physician in performing an authorized operation has gone beyond the contract and performed another operation by removing vital organs from the patient's body which he had no authority to remove, and which it did not appear were necessary to be removed, and where the patient did not know that the physician in performing the operation had exceeded the contract and removed such organs, but where the physician knew this, the concealment of these facts by him from the patient, and his failure to inform the patient thereof, constituted a fraud on the patient, and tolled the statute of limitations. The statute did not begin to run against the patient until she became aware of the true facts. See *Silvertooth* v. *Shallenberger,* 49 *Ga. App.* 133 (174 S. E. 365); *Bryson* v. *Aven,* 32 *Ga. App.* 721 (124 S. E. 553); *Phipps* v. *Wright,* 28 *Ga. App.* 164 (110 S. E. 511); *Persons* v. *Jones,* 12 *Ga.* 371 (58 Am. D. 476); *Edwards* v. *Monroe,* 54 *Ga. App.* 791, 799 (189 S. E. 419). The statute of limitations began to run from the date the plaintiff acquired knowledge of what the defendant had done, which she alleges was August 1, 1937. Where the petition, as in the case at bar, was filed on July 28, 1939, within two years from the date the statute began to run, the action was not barred, since, whether the suit be ex delicto or ex contractu, it was not barred when brought within two years from the discovery by the plaintiff of the fraud of the defendant. It follows that paragraphs 20 and 21 of the petition were not subject to the demurrer.

The allegations of paragraph 22, to the effect that since August 1, 1937, when the plaintiff discovered the alleged negligence

and wrongful conduct of the defendant, she had been too weak physically to file her petition earlier, were irrelevant and immaterial, since the petition was filed within the statutory period of two years from the time the plaintiff alleged that she acquired knowledge of the defendant's conduct. This paragraph was subject to demurrer.

The court erred in sustaining the demurrer on the sole ground that it appeared from the allegations that the plaintiff's cause of action was barred by the statute of limitations, and in dismissing the action. *Judgment reversed.* *Sutton and Felton, JJ., concur.*