Evelyn M. LLOYD, Plaintiff-Appellee,

v.

Albert F. KULL, Defendant-Appellant.

Clifford G. LLOYD, Plaintiff-Appellee,

v.

Albert F. KULL, Defendant-Appellant.

Nos. 14289, 14290.

United States Court of Appeals
Seventh Circuit.

March 11, 1964.

Roland Obenchain, Jr., South Bend, Ind., for appellant.

Benjamin Piser, South Bend, Ind., for appellees.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiffs, Evelyn M. Lloyd and her husband, Clifford G. Lloyd, Michigan residents, instituted two tort actions against the South Bend Osteopathic Hospital, Inc., and two osteopathic gen-

eral surgeons practicing in South Bend, Indiana, John L. Johnston and Albert F. Kull. In the first action, Evelyn M. Lloyd claimed damages for injuries resulting from malpractice and assault and battery. In the second action, Clifford G. Lloyd claimed damages for loss of his wife's services and medical expenses. The actions were consolidated for trial. At the close of plaintiffs' evidence, the district judge directed a verdict for the hospital. The jury returned verdicts for both plaintiffs against Kull but in favor of Johnston. Kull appeals from the judgments entered on the verdicts.

In September, 1958 Dr. Johnston performed a trachelotomy and oophorectomy on plaintiff. Following the surgery she developed a vesicovaginal fistula, a leak between the bladder and the vagina which permitted urine to flow uncontrolled from the bladder into the vagina.

In March, 1959 Dr. Kull attempted to repair the fistula. The operation was unsuccessful. Subsequently, in October, 1959 Dr. Milo O. Lunt of Elkhart, Indiana, a specialist in urology, repaired the fistula.

The jury found that Kull was negligent in his treatment of plaintiff and awarded her $7,500 damages and her husband, $2,000. The jury also awarded $500 for assault and battery because of the unauthorized removal by Kull of a small mole from plaintiff's leg during the March operation.

Defendant contends that the district court erred in refusing to direct a verdict for defendant, that the court did not have jurisdiction of the assault and battery claim, and that in any event the removal of the mole was authorized by plaintiff.

Defendant Kull contends that the evidence failed to support the jury's verdict. He argues that the evidence proves he had the degree of skill ordinarily possessed by general surgeons in the area and that he exercised such skill in the treatment of plaintiff.

To establish the charge of malpractice, plaintiff, in accordance with In-diana law (Worster v. Caylor, 231 Ind. 625, 110 N.E.2d 337 (1953)), presented expert testimony—that of Dr. Lunt. Dr. Lunt testified that the critical step in the successful repair of a vesicovaginal fistula is the removal of scar tissue. He further testified as follows:

"Q. Doctor, do you, may I ask you from your own experience, whether or not a fistula the size the one you observed on Mrs. Lloyd when you treated her in October, 1959, whether that ever closes on its own?

"A. A fistula that I saw I did not believe that it would close. It was not only deepened, but quite well open and water just goes to the most deepened part and continues to go there.

"Q. Doctor, let me ask you this: Do you have an opinion as to what is the cause of the greatest number of failures in the performance of vesicle vaginal fistula repairs?

"A. I believe first let me state my own. I believe that the one I had was from insufficient removal of the scar tissue. Those that I have read about seem to indicate approximately the same situation with possible difficulty with tension on the sutures."

Defendant says there was no evidence that he omitted to remove the scar tissue. He argues that the only reasonable interpretation to be given Dr. Lunt's testimony is that it referred to operations performed by Dr. Lunt and his statement, "the one I had," pertained not to plaintiff's surgery but to an operation Dr. Lunt performed which had failed. Plaintiff, on the other hand, says that the testimony referred to her. It could be reasonably inferred that the statement related specifically to plaintiff's operation; Dr. Lunt was in a position to so testify since he had examined plaintiff after Kull had performed his operation.

It is further contended that Dr. Lunt did not question defendant's skill since he testified that he had reviewed defendant's record of the operation and had no opinion in regard to it. It is true that

Dr. Lunt made no criticism of the general surgical procedure which defendant stated he had followed, but Dr. Lunt did criticize the way the operation had been performed.

We conclude that Dr. Lunt's testimony was sufficient to present the issue, for the jury's determination, whether defendant exercised the skill required to perform such an operation.

Defendant contends that Dr. Lunt should not have been permitted to testify that allopathic surgeons in the Elkhart area refer fistula repairs to urologists for diagnosis. He argues that diagnosis was not the issue. However, the statement could be reasonably interpreted to pertain to the skill and knowledge of a general surgeon in the area confronted with this type of pathology.

In support of his contention that there was an insufficiency of evidence, defendant argues that the district judge erred in giving certain instructions to the jury and in refusing to give others that defendant had requested. However, in his statement of contested issues no mention is made of the instructions given or refused. Suffice it to say, we have considered defendant's contentions and find no error.

In count one of her complaint, plaintiff Evelyn M. Lloyd sought damages in the amount of $150,000 from each of the defendants (Kull, Johnston, and the hospital) for injuries resulting from acts of negligence. In count two of her complaint she requested $5,000 damages from Kull for assault and battery because of the unauthorized removal of a mole on her leg.

In count one, damages of $150,000 were asked from Kull and the other defendants severally, rather than jointly. In order to meet the jurisdictional requirement of section 1332 of the Judicial Code, 28 U.S.C. § 1332, all claims of a plaintiff against a single defendant may be aggregated. Edwards v. Bates County, 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896); Pearson v. National Soc. of Public Accountants, 200 F.2d 897 (5th Cir. 1953). Since plaintiff's claims against Kull totaled $155,000 when aggregated, the district court had jurisdiction over the assault and battery count.

Alternatively, defendant contends that the removal of the mole during the fistula operation was authorized by plaintiff when she gave written permission to operate.[1] However, such written consent does not constitute consent to an operation other than the one to be performed when there is no evidence that a necessity arose during the authorized operation. Cf. Moos v. United States, 225 F.2d 705 (8th Cir. 1955).

The judgments are affirmed.

---

1. Plaintiff's written permission to operate reads in pertinent part:

"I hereby authorize the physician * * * in charge of Evelyn Lloyd to administer any treatment or to administer such anesthetics and perform such operations as may be deemed necessary or advisable in the diagnosis and treatment of this patient.

"Signed Evelyn Lloyd"