**In re ESTATE OF Fred C. SCHUBERT, Deceased, Eugene M. White, Administrator d.b.n., Plaintiff-Appellant,**

**v.**

**Winston O. HOLLEMAN, Bonnie Schubert and Ivan Schubert, and Della Miller, Defendants-Respondents.**

**No. 13252.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 28, 1984.

Marvin W. Opie, Versailles, for plaintiff-appellant.

Tyce S. Smith, Sr., Smith & Sickal, Waynesville, for defendants-respondents Bonnie Schubert and Ivan Schubert.

HOGAN, Judge.

Plaintiff Eugene M. White, administrator de bonis non of the Estate of Fred C. Schubert, deceased, has taken this appeal from an adverse judgment entered in a proceeding to discover assets under the provisions of § 473.340, RSMo 1978. The cause was heard in the probate division of the Circuit Court of Pulaski County in two sessions, one of which was held on December 16, 1981, the other on November 15,

1982. At the close of the second hearing, the trial court requested findings and conclusions from the attorneys representing defendants Holleman and Schubert. The proposed findings were filed and adopted verbatim by the trial court. They do not include nor directly refer to defendant Della Miller.

Section 473.340 had been amended when this action was commenced on August 3, 1981. Subsection 2 of the amended statute then provided, as material here, that:

> "Service of summons, petition and answer thereto together with all subsequent proceedings shall be governed by the Missouri Rules of Civil Procedure...."

The plaintiff filed an eight-paragraph petition. The fifth paragraph of the petition avers, in material part, that plaintiff believed:

> "... [T]hat said Defendants (including defendant Miller) have either acting individually or in concert together concealed or embezzled, or [are] otherwise unlawfully withholding [from the estate] certain personal property of the decedent, including but not limited to household furniture, equipment and fixtures, motor vehicles, firearms, merchandise, money's [sic], and receipts from sale of merchandise."

During the 2-day hearing, the trial court heard evidence from 15 witnesses; 20 exhibits were received. A 530-page transcript was developed. The record affirmatively shows that defendant Della Miller was served with process; she did not file an answer and did not appear. The want of an answer on her part was called to the attention of counsel for the plaintiff, who responded:

> "I might say this, Your Honor, that Della Miller and Bonnie Schubert and Winston Holleman, the other defendants, were all residing in the same residence, building, or were operating the business of the deceased. So they would well know what her condition was or is. So we'll get into that in the evidence, Your Honor...."

In the 11-month interval which elapsed between sessions, the plaintiff changed lawyers. At the commencement of the second hearing, the trial court called attention to defendant Miller's absence. Present counsel for the plaintiff offered defendant Miller's deposition; after some discussion, the deposition was received in evidence on the ground that defendant Miller was infirm and unable to attend the trial in person. The hearing then proceeded to its conclusion.

■ The "findings of fact and conclusions of law" were filed January 13, 1983, and January 27, 1983. These documents appear to have been intended by the trial court as a determination of the rights of the plaintiff as against defendants Schubert and Holleman; they show in intelligible language that the trial court intended to find all issues tendered for those defendants. They are therefore sufficient as judgments determining the rights of plaintiff and defendants Schubert and Holleman. *Magee v. Mercantile-Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616[4] (1936); *Byrd v. Brown*, 641 S.W.2d 163, 167 (Mo.App.1982). There is no such finding nor any docket entry determining the rights of the plaintiff as against defendant Miller.

■ As we have noted, defendant Miller did not answer; she did not appear personally, but her deposition was received as provided by Rule 57.07(a)(3)(B). Defendant Miller was therefore an active party to the action. Even though she filed no answer, the cause was tried as if she had, and on appeal an answer traversing the allegations of the petition must be considered as having been filed. *State ex rel. Shartel v. Skinker*, 324 Mo. 955, 965, 25 S.W.2d 472, 477 [12] (banc 1930); *Crossland v. Admire*, 149 Mo. 650, 656, 51 S.W. 463, 465 (1899); *Bailey v. Bailey*, 317 S.W.2d 630, 632 (Mo. App.1958). This is not to say that the rule requiring an answer is not mandatory; it is to say that enforcement of that mandatory provision is waived unless the opposing party invokes its enforcement by timely

and proper action. *Great Western Trading v. Mercantile Trust Co.,* 661 S.W.2d 40, 44[7, 8] (Mo.App.1983); *St. Louis County v. St. Louis County Police Officer Ass'n,* 652 S.W.2d 142, 145[4] (Mo.App. 1983); *Bailey v. Bailey,* 317 S.W.2d at 632. Defendant Miller's deposition was taken and received on the ground that she was infirm and unable to attend the trial in person, and her duties and rights as against the plaintiff administrator d.b.n. should have been adjudicated.

██ The rule is that an appealable judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case, unless the trial court has ordered a separate trial of any claim or issue or has specifically designated the particular order as a final judgment for purposes of appeal. *Hill v. Boles,* 583 S.W.2d 141, 147[5] (Mo.banc 1979); *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231 (Mo. banc 1969); *Dudeck v. Ellis,* 376 S.W.2d 197, 204[3] (Mo.1964). This appeal is premature because the judgment does not dispose of defendant Della Miller; the submission must be set aside and the cause must be remanded, and accordingly it is so ordered.

MAUS, P.J., and PREWITT, J., concur.