**Denise MAHURIN and Mark H. Mahurin, Appellants,**

v.

**ST. LUKE'S HOSPITAL OF KANSAS CITY, Larry Spradlin, M.D., and Cheryl Hedegaard, M.D., Respondents.**

**No. WD 43744.**

Missouri Court of Appeals, Western District.

May 14, 1991.

Richard P. Scaletty, Independence, for appellants.

Thomas W. Wagstaff, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

FENNER, Judge.

Appellants, Denise Mahurin and her husband Mark H. Mahurin, appeal an order of the trial court granting summary judgment to the respondents.

Respondent, St. Luke's Hospital originally sued appellants for the balance due on an unpaid hospital bill. Appellants filed an answer and counterclaim for medical malpractice joining respondents Larry Spradlin, M.D. and Cheryl Hedegaard, M.D., together with St. Luke's Hospital. Subsequent to the court's order granting summary judgment in favor of respondents on

appellants' malpractice claim, St. Luke's dismissed its claim against appellants, without prejudice, and this appeal followed.

On October 21, 1985, Denise Mahurin was admitted to St. Luke's Hospital for childbirth. The baby was delivered by means of cesarean section, during which procedure a bilateral tubal ligation was also performed.

On March 21, 1988, St. Luke's Hospital filed a petition in the Circuit Court of Jackson County, Associate Division, against Mark and Denise Mahurin for the balance due for services rendered in relation to Denise's hospitalization on October 21, 1985. On February 9, 1988, Mark and Denise Mahurin filed an answer and counterclaim. The counterclaim joined respondents Larry Spradlin M.D. and Cheryl Hedegaard, M.D., together with St. Luke's Hospital alleging that each had committed medical malpractice in performing the tubal ligation on Denise Mahurin. The case was then reassigned to be heard before a circuit judge.

Respondents filed a motion for summary judgment on the grounds that appellants' medical malpractice claims were barred by the two year limitation for said claims under § 516.105, RSMo 1986.[1] While the motion for summary judgment was pending, the appellants were granted leave to file an Amended Answer and Counterclaim. On January 16, 1990, the court granted respondents' motion for summary judgment, finding that appellants' counterclaim was time barred.

Appellants argue that the trial court erred by granting respondents summary judgment on the basis of the two year limitation of § 516.105. First, appellants argue that the failure of the respondents to file an answer to their amended counterclaim constitutes an admission of their allegations of fraudulent concealment which tolled the statute of limitations. Secondly, appellants argue that even if respondents failure to answer did not toll the statute of limitations, the trial court erred because there were genuine issues of material fact

1. All statutory references are to RSMo 1986.

as to whether there was fraudulent concealment which tolled the statute of limitations.

Appellants' original counterclaim was filed on February 9, 1989. Each of the respondents filed timely answers. On August 18, 1989, the respondents filed their motion for summary judgment. While that motion was pending, the trial court granted appellants leave to file an amended answer and counterclaim, which they did on November 22, 1989. None of the respondents filed an answer to the amended counterclaim. On January 16, 1990, the trial court granted respondents' motion for summary judgment. Appellants had not requested any relief as a result of the failure of respondents to file answers to the amended counterclaim prior to the court granting the respondents summary judgment on the amended counterclaim.

No new response to an amended pleading is required where the amendment does not raise new matters or where an amended petition is filed and the original answer on file raises the issues. *Kroh Brothers Development Company v. State Line Eighty–Nine, Inc.*, 506 S.W.2d 4, 14 (Mo.App.1974). Even when an answer is required but not filed, if a cause is tried as if an answer had been filed, on appeal the matter is treated as if an answer traversing the allegations of the petition was filed. *Estate of Schubert v. Holleman*, 683 S.W.2d 324, 325 (Mo.App.1984). This is not to say that the filing of an answer is not required; it is to say that enforcement of the requirement of an answer is waived unless the opposing party invokes its enforcement by timely and proper action. *Id.* at 325–26. Furthermore, the trial court has discretion to allow an answer to a counterclaim out of time when there is no prejudice to the other party. *Wilkins v. Cash Register Service Company*, 518 S.W.2d 736, 738 (Mo.App.1975).

In answer to appellants' original counterclaim, each of the respondents raised the bar of § 516.105. Furthermore, respondents' counsel represents that he did not receive notice of the filing of an amended counterclaim until the date the court entered its order granting summary judgment. Additionally, appellants did not raise the issue of failure to answer until after the court granted summary judgment.

The failure of respondents to file an answer to appellants' amended counterclaim did not constitute admissions barring their defense under § 516.105.

Appellants' second argument as to the impropriety of summary judgment on behalf of respondents is that there were genuine issues of material fact relating to whether there was fraudulent concealment causing the two year limitation of § 516.105 to be tolled.

Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c). When reviewing a ruling on a motion for summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which might be drawn from the evidence. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987) (citations omitted). Summary judgment is a drastic remedy and is inappropriate unless the prevailing party has shown that he is entitled to judgment as a matter of law. *Id.;* Rule 74.04(c). The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact. *Id.* A genuine issue of fact exists when there is the slightest doubt about a fact. *Id.*

Section 516.105 provides, in pertinent part, that all actions against physicians and hospitals for damages for malpractice, negligence, error or mistake related to health care must be brought within two years from the date of the occurrence of the act of neglect complained of. However, fraudulent concealment of the existence of a medical malpractice cause of action tolls the running of § 516.105 until the

fraud is discovered or could have been discovered through reasonable diligence. *Hershley v. Brown*, 655 S.W.2d 671, 676 (Mo.App.1983).

In order to establish the improper act of fraudulent concealment of a medical malpractice cause of action and toll the running of § 516.105, in cases involving unauthorized surgery, the following must be alleged and proved: (1) that in performing the surgery, the defendant performed a surgical procedure different from that to which the plaintiff consented; (2) that the defendant thereby performed a surgical procedure without consent; (3) that the defendant had actual knowledge that he performed a procedure for which he did not have consent; (4) that with that knowledge, the defendant intended to conceal from the plaintiffs the fact that they had a claim against the defendant for malpractice by reason thereof; (5) that the defendant's acts were fraudulent; and (6) that the plaintiffs were not guilty of lack of diligence in not sooner ascertaining the truth with respect to the situation. *Clair v. Reproductive Health Services*, 720 S.W.2d 793, 795 (Mo.App.1986).

In the case at bar, the act complained of is the tubal ligation performed on Denise Mahurin on October 21, 1985. Appellants did not bring their action in malpractice until February 9, 1988, more than two years after the tubal ligation. However, the appellants allege that the tubal ligation was fraudulently concealed from them, that Denise Mahurin did not consent to the tubal ligation and that Mark Mahurin's consent was not informed.

Taken in the light most favorable to appellants, the record shows that Denise Mahurin underwent an emergency cesarean section. After the cesarean section was performed, consent was obtained from Mark Mahurin to perform a bilateral tubal ligation on Denise Mahurin rendering her sterile.

An operation performed without a patient's consent is a battery or trespass. *Hershley v. Brown*, 655 S.W.2d at 678. Consent to a given operation does not constitute consent for any other operation when there is no evidence that a necessity arose during the authorized operation. *Id.*

There is no agency between a husband and wife merely because of the marital relationship and neither is empowered to act as agent for the other simply because they are married. *Fuller v. Lloyd*, 714 S.W.2d 698, 701 (Mo.App.1986). The record does not show that Mark Mahurin had authority to consent to the non-essential tubal ligation performed on Denise Mahurin. Mark Mahurin's consent was not binding upon his wife.

Denise Mahurin stated, by way of affidavit, that she did not at any time request, authorize or consent to a bilateral tubal ligation and that she was not advised during post operative care of the tubal ligation. She further stated that after her discharge, none of the parties advised her that a bilateral tubal ligation had been performed and that numerous requests by her to receive copies of her medical records were not met. Denise Mahurin raises material issues of fact as to whether the bilateral tubal ligation was fraudulently concealed from her. Summary judgment on the claims of Denise Mahurin was improper.

Mark Mahurin, on the other hand, signed a consent to the bilateral tubal ligation performed on Denise Mahurin. Although that consent was not binding on Denise Mahurin, it does establish that the tubal ligation was not fraudulently concealed from Mark Mahurin. Mark Mahurin's claim is that his consent was not informed, but he makes no allegations to show that the tubal ligation was concealed from him. Mark Mahurin argues that he signed the consent because he was concerned for his wife and new baby and that he did not know what it meant.

Mark Mahurin actually signed two forms. In one form he consented to the bilateral tubal ligation. In the other form he acknowledged that he understood a tubal ligation to be permanent sterilization, which was explained as meaning that his wife would not be able to have more chil-

dren. As discussed previously herein, Mark Mahurin's consent was not binding on his wife, but it does establish, at a minimum, lack of diligence on his part for not sooner ascertaining the truth with respect to the operation performed, when the operation was not concealed from him. Mark Mahurin signed the forms which clearly stated and explained the procedure. Mark Mahurin makes no representations which raise an issue of the respondents thereafter concealing the procedure from him. The record therefore does not establish a genuine issue of fact as to whether the tubal ligation was fraudulently concealed from Mark Mahurin. Mark Mahurin's claim is barred by the two year limitation of § 516.105.

The trial court's order granting respondents summary judgment on the claim of Denise Mahurin is reversed and said cause is remanded for further proceedings. The trial court's order granting respondents summary judgment on the claim of Mark Mahurin is affirmed.

All concur.