**MISSOURI GOODWILL INDUSTRIES, INC., a Not–For–Profit Corporation, Plaintiff/Respondent,**

v.

**Kenneth JOHANNSMEYER, Randall D. Lytle, and Nelson Scherrer, as Sole General Partners of Lytle Partnership, a Missouri Partnership, Defendants/Appellants.**

No. 65689.

Missouri Court of Appeals, Eastern District, Division Three.

April 11, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1995.

Application to Transfer Denied July 25, 1995.

---

Dale L. Rollings, Rollings & Gerhardt, Brochers, Stuhler & Carmeiche, St. Charles, for appellants.

Richard B. Scherrer, Patrick Kenny, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for respondent.

CRANE, Presiding Judge.

This appeal involves a sublessee's untimely compliance with the notice to terminate provision of a sublease. On March 23, 1987 Missouri Goodwill Industries, Inc. (Goodwill) entered into a 17 year sublease beginning April 20, 1987 and ending the last day of February, 2004 with Kenneth Johannsmeyer, Randall D. Lytle, and Nelson Scherrer, general partners of Lytle Partnership (Defendants) to sublet part of a shopping center for a Goodwill store. The Sublease gave Goodwill an option to terminate on three dates during the Sublease term:

30. Sublessee shall have the right to terminate this Sublease on the following dates if the Sublessee notifies the Sublessor nine (9) months prior to such date of its intention to terminate the Sublease. In the event that the Sublessee terminates this

Sub–Lease as set out above, all succeeding Sublease payments shall terminate:

February 28, 1989 (Year 3)

February 28, 1994 (Year 7)

February 28, 1999 (Year 12)

Paragraph 31 provided that notices must be delivered by registered or certified mail with return receipt requested to the Lytle Partnership. On June 3, 1993 Goodwill hand-delivered and mailed a notice to terminate.

Goodwill filed a declaratory judgment action for a declaration that its June 3, 1993 notice effectively terminated its Sublease with defendants as of February 28, 1994. Defendants filed a counterclaim seeking damages from anticipatory breach or, alternatively, specific performance of the Sublease. Goodwill moved for summary judgment on both counts of its first amended petition and for dismissal of defendants' counterclaim. The trial court granted both motions. Defendants appeal. We reverse the entry of summary judgment and remand. We affirm the judgment dismissing the counterclaim.

*Summary Judgment*

For its first point, defendants assert that Goodwill was not entitled to summary judgment as a matter of law. Review of a grant of summary judgment is essentially *de novo*. *ITT Commercial Fin. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We address the grant of summary judgment on each count separately.

*Count I*

In Count I of its first amended petition Goodwill sought a declaration that its June 3, 1993 notice was effective and valid to terminate the Sublease as of February 28, 1994. Defendants argue that Goodwill was not entitled to summary judgment as a matter of law because Goodwill failed to prove it complied with the cancellation terms of the Sublease in that the June 3, 1993 notice was sent less than nine months prior to February 28, 1994. They argue that, to be effective, the notice was required to be delivered not less than nine months before February 28, 1994.

The Sublease does not define the term "month". Generally the "word 'month,' unless otherwise defined, means 'calendar month,' or time from any day of any of the months as adjudged in the calendar to corresponding day, if any, if not any, to last day, of next month." Black's Law Dictionary 908 (5th ed. 1979). Under this definition Goodwill would have had to deliver notice no later than May 31, 1993 in order to comply with the condition precedent for termination requiring delivery of notice nine months prior to February 28, 1994.

Goodwill responds that the June 3 notice was within 270 days of the termination date. It concludes that this "substantial" compliance with the nine month notice requirement was sufficient. We disagree.

■ A party must comply with conditions precedent imposed by the right to terminate a lease before that lease can be terminated. *American Inst. of Mktg. Sys., Inc. v. Alfred F. La Marche, Inc.,* 469 S.W.2d 929, 931 (Mo.App.1971); *National Alfalfa Dehydrating Co. v. 4010 Washington, Inc.,* 434 S.W.2d 757, 766 (Mo.App.1968). If the party has not complied with those conditions, the lease continues in force. *National Alfalfa,* 434 S.W.2d at 766. "Tenant's notice of election, premium and other requirements to cancel have been held a condition precedent, with which strict compliance is required." MILTON R. FRIEDMAN, FRIEDMAN ON LEASES § 21.1, at 252 (3d ed. Supp.1994).[1] A notice of intention to exercise an option to terminate a lease must be given within the time fixed in the lease. *American Inst.,* 469 S.W.2d at 931; 49 Am.Jur.2d *Landlord and Tenant* §§ 1002, 1008 (1970); 51C C.J.S. *Landlord & Tenant* § 91b, at 298 (1968). "A cancellation notice that fails to comply with its requirements may be disregarded by its recipient as a nullity." 2 FRIEDMAN, *supra* § 21.4, at 1209 (3d ed. 1990). Thus in order to terminate a lease, a lessee must strictly comply with all conditions precedent. Substantial compliance is not sufficient.

■ Goodwill argues that because the Sublease contains no "time is of the essence"

clause, its three day late notice complies with the Sublease. This argument has no merit. "With respect to performance, time is of the essence of a lease both in law and equity." 51C C.J.S. *Landlord & Tenant* § 234. "A provision that a contract may be terminated at one or more specified dates by giving 30 days notice requires that the notice be given 30 days before one of those dates; and time is of the essence." 6 CORBIN, CORBIN ON CONTRACTS § 1266, at 65–66 (1962).

Thus, as a matter of law, Goodwill was not entitled to summary judgment on Count I on the grounds that its June 3 notice complied with the nine month notice provision.

*Count II*

In Count II of its first amended petition, Goodwill sought judgment on equitable grounds, claiming that it would be inequitable to hold its June 3 notice ineffective because 1) its failure to deliver notice on or before May 31, 1993 was the result of excusable inadvertence or an honest mistake, 2) a holding that its notice was ineffective would subject it to a forfeiture because it would be responsible for $650,000 in rent if compelled to honor the Sublease for the remaining term, 3) the three day delay was *de minimis,* 4) the untimeliness did not prejudice defendants, 5) the untimeliness was not the result of bad faith or fraud, and 6) defendants could avoid liability under their prime lease by failing to renew and thereby mitigate damages.

As its ground for summary judgment on this count, it stated that even if its termination notice was not timely, its delay in giving notice is excusable on equitable grounds. In support of its summary judgment motion, Goodwill filed the affidavit of its attorney who averred that he had not sent the termination notice until June 3, 1993 because he had not seen Goodwill's May 7, 1993 letter instructing him to give notice to terminate the Sublease as it had been misfiled behind another letter which Goodwill sent in the same envelope. Goodwill also filed the affidavit of its Executive Director

---

1. Friedman distinguishes a notice of an election to terminate from a notice of an election to renew by observing that there is a tendency to excuse promptness for a notice of an election to renew. FRIEDMAN, *supra* § 21.1 n. 16, at 253 (Supp.1994).

who averred that because of falling revenues, Goodwill projected losses in excess of $400,-000 if required to honor the Sublease until the next possible termination date, another five years. In addition, Goodwill filed defendants' Answer to Interrogatory Number 6 which question and answer are as follows:

6. Please state whether you have made any effort to relet the premises which are the subject of this lawsuit, and if so, identify the person who is most familiar with such effort(s).

ANSWER: No, Defendants have not made any effort and have no right to relet the premises which are the subject of this lawsuit inasmuch as there is in force and effect at present and until February 28, 1999, a sublease with Goodwill Industries, Inc.

█ Defendants argue that Goodwill was not entitled to summary judgment as a matter of law because Goodwill is not entitled to an equitable remedy for its failure to timely exercise its option to terminate. They point out that Goodwill relies on out-of-state cases recognizing a right to equitable relief in limited circumstances in which a lessee has failed to timely exercise an option *to renew* a lease. They argue that options *to terminate* should not be treated the same as options to renew and equitable relief is not available to a lessee who has failed to timely comply with an option to terminate. We agree.

Some jurisdictions have recognized an equitable remedy for lessees who fail to give timely notice of their exercise of an option *to renew. See* William B. Johnson, Annotation, Circumstances Excusing Lessee's Failure to Give Timely Notice of Exercise of Option to Renew or Extend Lease, 27 A.L.R.4th 266 (1984). *See also* 2 FRIEDMAN, *supra* § 14.2, at 822 *et seq.;* ROBERT S. SCHOSHINSKI, AMERICAN LAW OF LANDLORD AND TENANT § 9:4 (1980 ed. & 1993 Supp.). Goodwill has cited no Missouri case which recognizes an equitable remedy for a lessee who has failed to properly exercise an option *to renew.* Further, Goodwill has cited no cases from any jurisdiction recognizing equitable relief for a les-

see who fails to give timely notice of an option *to terminate.*

Those cases which recognize an equitable remedy for untimely renewal do so where the following circumstances are present: (1) failure from accident, fraud, surprise or honest mistake; (2) no prejudice to lessor; and (3) hardship on lessee. *Ward v. Washington Distributors, Inc.,* 67 Ohio App.2d 49, 53, 425 N.E.2d 420, 423 (1980). In *Fletcher v. Frisbee,* 119 N.H. 555, 404 A.2d 1106 (1979) the court held equitable relief was available if the delay is slight, the landlord is not prejudiced by the delay, and failure to grant relief would result in such hardship to the tenant as to make literal enforcement unconscionable. *Id.* at 1108. *See also* 2 FRIEDMAN, *supra* § 14.2, at 821–22.

The renewal cases upon which Goodwill relies treat a lessee's interest in renewing a lease of real property on which the lessee has paid rent and made substantial improvements as an equitable interest which equity may protect against forfeiture in the above circumstances. *See Fletcher,* 404 A.2d at 1108, 1109; *Ward,* 67 Ohio App.2d at 51–54, 425 N.E.2d at 422–23; *Duncan v. G.E.W., Inc.,* 526 A.2d 1358, 1365 (D.C.App.1987); *Gold Standard Enters., Inc. v. United Investors Management Co.,* 538 N.E.2d 636, 639, 182 Ill.App.3d 840, 131 Ill.Dec. 261, 264 (1989); *Gallagher v. Marconi,* 68 Misc.2d 319, 326 N.Y.S.2d 697, 699 (1971) (citing *Jones v. Gianferante,* 305 N.Y. 135, 111 N.E.2d 419 (1953)). These cases recognize and protect a lessee's interest in renewal of the lease of premises in which it had invested.

On the other hand, the interests of the lessee and the lessor are reversed where the lessee's option is to terminate rather than to renew. There the lessee's interest is in terminating the lease whereas the lessor's interest is in continuing the lease. The potential forfeiture falls upon the lessor's interests. "[A] tenant's right to cancel, like a landlord's, is a form of forfeiture and, accordingly, is subject to strict construction against the right to cancel." 3 FRIEDMAN, *supra* § 27.302d.[2]

---

**2.** In its pleadings Goodwill ignores the distinc-    tion between an option to renew and an option to

The lessee's interest in termination does not compel the same protection as its interest in renewal. Nor can its obligations to continue to pay rent under the lease, if it fails to properly terminate, be classified as a "forfeiture." The lessee does not under these circumstances lose rights in real property in which it has invested and paid rent nor does it incur a new liability. Rather, its obligations for the full term remain as provided by the lease agreement.

In *Loitherstein v. I.B.M. Corp.,* 11 Mass. App. 91, 413 N.E.2d 1146 (1980) the court rejected the argument that a lessee would suffer a forfeiture if not allowed to terminate a lease without strictly complying with the conditions precedent for termination. There the lessee, IBM, failed to strictly comply with conditions to terminate a lease. It argued that the facts should be given an equitable construction to avoid a forfeiture. The court held:

A party who stumbles in exercising an option is generally not entitled to equitable relief.... The option existed for IBM's benefit to relieve it of what might become "an onerous and unprofitable obligation." ... Enforcement of the lease because of IBM's misstep will not impose "an arbitrary penalty or forfeiture; nor ... will [it] give the plaintiff 'a grossly disproportionate compensation for the defendant's failure to [properly terminate] ...'."

*Id.* 413 N.E.2d at 1149–50 (citations omitted).

We do not find that the rationale for recognizing a equitable remedy in favor of a lessee who fails to give timely notice of its exercise of an option to renew equally supports recognizing an equitable remedy in favor of a lessee who fails to give timely notice of an option to terminate. Further we have not been supplied with any legal prece-

dent to support such a conclusion. Equitable relief may not be invoked to avoid or prevent enforcement of a contract simply because enforcement may work a hardship upon one of the parties. *Tamko Asphalt Products, Inc. v. Fenix,* 321 S.W.2d 527, 537–38 (Mo. App.1958). In the absence of some recognized ground warranting equitable interference, the parties' rights should be determined by their contract. *Id.* As there is no recognized ground warranting equitable relief for a lessee's untimely notice to terminate a lease, Goodwill is bound by the Sublease and was required to comply strictly with the notice to terminate provisions. Goodwill is not entitled to summary judgment as a matter of law on its claim for equitable relief.

### *Dismissal of Counterclaim*

Defendants claim the trial court erred in dismissing their counterclaim. In Count I of their counterclaim defendants alleged they would suffer damages by reason of anticipatory breach if the court found the notice of termination effective. In Count II Defendants sought enforcement of the Sublease.

Defendants' argument under this point contains only two paragraphs: the first paragraph sets out a general legal principle governing the trial court's duty with respect to a motion to dismiss. The second paragraph reads as follows:

The Appellants' Counterclaim clearly invokes principles of substantive law which entitles them to relief. *See Hershley v. Brown,* 655 S.W.2d 671, 674 (Mo.App.W.D. 1983). The Appellants allege facts which, if true, invoke basic principles of contract law which entitle them to relief. (L.F. 32–34). They also allege the damages suffered from Respondent's breach. (L.F. 34). Therefore, it was error for the trial

---

terminate and seeks to state a cause of action for relief from its failure to properly terminate in terms of the elements of a renewal case. Its pleadings and summary judgment motion illustrate why renewal and termination are not interchangeable bases for the same cause of action. In a renewal case the lessee must allege that the lessor was not prejudiced and shows this by proof that lessor took no action to relet or otherwise use the property after the date for notice passed. Here, Goodwill alleges that defendants were not prejudiced and supports this allegation

with an admission that defendants had taken no action to relet the premises after the date for receipt of notice of termination had passed. However, unlike lack of notice in a renewal case which signals the lessor that the lessee will not continue to lease and therefore lessor should find a new tenant, lack of notice in a termination case signals the lessor that the lessee is continuing to lease. Therefore, defendants' inaction does not show lack of prejudice because absent notice of termination, the lease continued and defendants could not take any action to relet the premises.

court to grant Respondent's Motion to Dismiss Appellants' Counterclaim. *Hershley,* 655 S.W.2d at 674.

Defendants do not give this court any specific reason why their counterclaim states a claim for relief nor do they set out any legal authority which would support a cause of action based on the facts alleged. This argument does not merit appellate review. *Hayes v. Hatfield,* 758 S.W.2d 470, 474 (Mo.App.1988).

The judgment of the trial court granting summary judgment is reversed and the action remanded to the trial court. The judgment dismissing the counterclaim is affirmed.

CRANDALL and DOWD, JJ., concur.