The opinion of the Court, Nevius, J. dissenting, was delivered by
Carpenter, J.
This is an action of assumpsit. The plaintiffs are commissioners, authorized by' a decree of the Orphans’ Court of the county of Burlington to make sale of the real estate of one Joseph C. Haines, who died seized thereof and intestate. The declaration is special, to recover the specific difference between a first and a second sale; the defendant, a purchaser at the first sale having refused to comply with the conditions of such sale; and the premises on a second sale bringing a much less sum.
Though not made a point on the argument, doubts have been suggested as to the ability of the commissioners to bring a suit in their own, names on the contract entered into between them and the defendant. I do not perceive any difficulty on that point. In the case of such sales, the deed cannot ordinarily be previously prepared and ready for execution on the very day of sale; the purchaser until the sale has taken place being *441 unknown; nor can the purchaser, in the uncertainty of becoming such, be expected to come with the funds to complete the contract. Convenience has rendered it desirable, and even necessary, to insert in the usual conditions of such sales, that the deed shall be delivered and the money paid or securities given, on a subsequent day. In order to bind both parties to the performance of their contract, such contract is necessarily reduced to writing and signed by the parties. I apprehend it will not lie in the mouth of a defendant, who has made such express stipulations with persons having a power of sale, to deny their ability to bring suits for a breach of such contract. The inconvenience would be great, which would result were a rule established that would destroy the ability of commissioners or public officers, selling by mere authority of law, to bring suit on an express agreement. It would place it in the power of any unscrupulous and designing person to bid off property, and afterwards to take it or reject it as caprice or interest might make it desirable. I do not perceive any inconveniences to follow the power. The commissioners are bound to sell for cash, and they must account for the whole sum, for which the property may have been sold. Any other course must be at the hazard of the persons making the sale, and is usually the result of special agreement; as an agreement on the part of the parties in interest to receive the securities taken by the commissioners. Such an arrangement is of frequent occurrence, because a credit given ordinarily produces a better sale. The proceeds of any suit brought by the commissioners, as in the present case, cannot be for their private benefit. Their duty under the authority of the law, being to some extent in the nature of a trust, the money recovered, after deducting expenses and a reasonable remuneration to the commissioners, will be the money of the parties in interest, for whose benefit the sale was made, and its payment over would be enforced by the proper tribunal.
In concurring in the propriety of setting aside the verdict in this case, I do so for the reasons and on the points following.
1st. As to the re-sale. In order to entitle the plaintiffs to recover, in an action like the present, I hold that the second sale must be on the same conditions as the first, as near as may be; *442 or at- least on conditions equally beneficial to the purchaser, so far as regards the credit to be given. The remedy is harsh and rests strictly on the contract; and in my judgment, the plaintiffs ought to be held to show, that they are within the spirit and letter of such contract. It might be ruinous to purchasers, if property could be offered for sale on a considerable credit, and in case of failure on the part of the purchaser to comply with the conditions, the property could be set up at a second sale, either for cash or a reduced credit, and the first purchaser held liable for the difference. Such failure may happen from ignorance, from inadvertence, from subsequent misfortune; and, in the application of an action so harsh and penal, the vendors should be held, in their subsequent sale, to conditions under .which a disposition equally productive' could' ordinarily be expected. I hold the answer of the plaintiffs’ counsel, that the vendors have a right to make the conditions of the second sale such, that the second sale in regard to the credit given, shall be equally beneficial to them, as the first would have been, had its conditions been complied with, to be unsatisfactory. Suppose the first sale to have been on a credit of one year — no unusual period of credit — in case of non-compliance, shall the vendors be permitted, at the end of a year, to offer the property again for sale, but for cash, and hold the first purchaser liable for the difference ? In this case, the credit on the second sale was lessened, and I suppose materially, to the probable injury of the sale; but as I know of no mode by which the extent of such reduction may be ascertained and fixed, so as to produce no injury, I hold that the credit cannot be reduced at all, if it is intended to resort to the first purchaser in this form of action in order to recover the difference between the two sales.
2ndly. As the sale was made by the acre, it became necessary on the part of the plaintiffs, to prove the number of acres in the farm, in order to ascertain the difference of the two sales and the extent of the alleged liability of the defendant. The plaintiffs offered no direct evidence of the number of acres. The deed, tendered by them to the defendant, described the premises as containing 146 acres; and upon this quantity the plaintiffs based their claim and the jury rendered their verdict The *443 proceedings in the Orphans’ Court, the order of sale, &c., described the farm as containing about 150 acres more or less, and the Judge, who tried the cause, instructed the jury, that these proceedings were prima facie evidence of the quantity of land sold. In this I apprehend the Judge erred. The vague description necessary merely to identify the property, intended to be the subject of such proceedings, is no evidence to fix the liability of this defendant. Yor can the plaintiffs, though acting in a public capacity and under oath for the due performance of their duty, by their own statements in their report or in their deed, be permitted to make evidence for themselves, in their own cause.
But lastly: one of the conditions of sale in this case was: “ The deed will be executed and ready for delivery to the respective purchasers, on the said 20th day of March next, at 10 o’clock, A. M. of that day, at the house of Charles Bryan, inn-keeper, in Mount Holly, in said county; and in case any of such purchasers shall neglect to receive his deed at the said time and place, and pay, &c., the property will be advertised and sold again, and if it produce a less sum than the former bid and interest and expenses, the purchaser will be held liable for the difference.” It is not necessary again to recite the particular terms of the payment to be made and the security to be given for the balance. It is sufficient to say, that it is a case of dependent covenants. In great relaxation of the technicalities, with which this branch of the law of contracts was formerly loaded and perplexed, it is not now the employment of any particular word, which determines a condition to be precedent, but the manifest intention of the parties. One of the rules, upon which the construction depends, is that where the mutual covenants go to the whole of the consideration on both sides, they are mutual conditions, the one precedent to the other. As where, in the conveyance of property, the whole of the consideration money is either to be paid or secured, on the delivery of the deed. Such is a plain case of stipulation for a contemporaneous performance, a performance uno flatu, and where neither party intends to trust the other. In agreements for purchase indeed, it is now well settled that the covenants are to be construed according to the intent of the parties, and are therefore always to be construed dependent, unless *444 a contrary intent appears. 1 Sugden Vendors 271, (*372,) Bank of Columbia v. Hagner, 1 Peter’s R. 464; in Glazebrook v. Woodrow, 8 T. R. 374. The seller ought not to be compelled to part with his property, without receiving the consideration • nor the purchaser to part with his money, without an equivalent in return. Therefore, if either a vendor „or vendee wishes to compel the other to observe the contract, he immediately makes his part of the agreement precedent; for he cannot proceed against the other without an actual performance on his part, or a tender and refusal. On the one hand, the purchaser cannot maintain an action for the non-delivery of the deed, without having first paid or tendered the money. Harvey v. Trenchard, 1 Halst. 126; Ackley v. Elwell, 5 Halst. 304. So on the other hand, a vendor cannot bring his action, for breach of the contract, without first having executed and tendered the conveyance, unless the purchaser has discharged him from so doing ; and an averment of such tender must be made in the declaration, and must be supported by proof. Egbert ads. Chew, 2 Green, 447; Bank v. Hagner, 1 Peter’s R. 467; Johnson v. Applegate, Coxe, 233; Green v. Reynolds, 2 John. Rep. 207.
To be sure, if the one party has discharged the other from the strict performance of the condition ; if he has rendered the execution and delivery or tender of a deed, futile and unnecessary by an express declaration that he will not receive it; then, the party proceeding by setting out that excuse upon the face of the declaration, may be relieved from the necessity of proving the offer to perform his part of the mutual agreement. If the defendant prevent the performance of a condition precedent by his own neglect or default, it is equal to a performance by the plaintiffs. Hotham v. East India Co., 1 T. R. 638. In the case of Jones v. Barkley, Doug. 684, where the plaintiff was ready and offered to perform his part, but was discharged by the other; upon averring such discharge in the declaration, it was held that the plaintiff might maintain his action without proving a tender. But if a party plead a tender he must prove it. Per Buller, J., Doug. 695. Such may be regarded as the unquestioned rule. It is unnecessary to examine the letter, written by the defendant to one of the commissioners, to ascertain whether it contains such a *445 declaration of the defendant’s intention not to receive the deed and fulfil his part of the contract, as would relieve the plaintiffs from their duty to execute and tender the deed. They have not pleaded the discharge, and therefore cannot use the letter, for the purpose of showing a waiver on the part of the defendant of his right to the performance of this condition precedent. Unless pleaded, the waiver, if any, cannot be proved. The plaintiffs have pleaded a tender, and they must prove it according to the averment in the declaration.
As I hold it, the time fixed for the performance, is at law deemed of the essence of the contract. It is true that it is not, generally, so considered in equity, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. Courts of equity, for the most part, have regard to time only so far as it respects the good faith and diligence of the parties. Thus courts of equity, sometimes, will not decree a specific performance, though damages may be recovered at law. So those courts frequently decree a specific performance, when the action at law has been lost, by the default of the very party seeking the specific performance, if it be notwithstanding conscientious that the agreement should be performed. It is thus, in cases where the terms of the agreement have not been strictly performed on the part of the person, seeking specific performance; though to sustain an action at law, performance must be averred according to the very terms of the contract. 2 Story, Eq. Jur. § 776, et seq.; 1 Sugden, 245, *340; Taylor v. Longsworth, 14 Peter’s R. 174; 5 Vesey Jr., 719, note to Sumner’s edition.
“ The general opinion,” says Sir Edward Sugden, 1 Yol. 294, “ has always been, that the day fixed was imperative on the parties at law. This was so laid down by Lord Kenyon, and has never been doubted in practice. The contrary rule would lead to endless difficulties.” He adds, that perhaps the power, assumed by courts of equity, of dispensing with the literal performance of contracts is to be regretted. In the case alluded to before Lord Kenyon, it was held, that according to the conditions or covenant and the pleadings thereupon, the seller of an estate was bound to be prepared to produce his title deeds at a particu *446 lar day, and to prove such readiness and that he did produce them. Berry v. Young, 2 Esp. Cas. 641. So in an action of covenant to build a certain mill in a certain place and by a certain time, and an averment accordingly, it was held that the declaration was not supported by proof, that the mill was erected after the time by the consent and agreement of the defendant. The contract must be proved as laid ; otherwise the defendant has no notice of. what he is called upon to answer. Philips v. Rose, 8 John. R. 392. Little v. Holland, 3 T. R. 590. The doctrine is virtually held, in a case decided in this state. A bond was given, conditioned for the performance of certain matters, and afterwards an agreement in writing was entered into between the parties, enlarging the time of performance. It was held, that an action could not be maintained on the bond for the penalty, but that the plaintiff must seek his remedy on the agreement enlarging the time of the performance. It is a decision that arises out of the doctrine that if strict performance be waived, the plaintiff must aver accordingly, so that the proof may correspond with the averments. Ford v. Campfield, 6 Halsted, 327. In the case of Wild v. Fort, 4 Taunt. R. 334, the doctrine is held, that if the vendor of an estate at auction does not show a clear title by the day specified, the purchaser may recover back his deposite and rescind his contract.
It is hardly necessary to multiply authorities. It may be laid down as the settled rule, that where time enters into the performance of a condition precedent, the plaintiffs must aver accordingly, unless strict performance is waived or otherwise discharged by the defendant. In case a discharge of the strict performance be relied upon, as a waiver by the defendant, it must be pleaded. The rule must apply — I can perceive no difference in the principle — to an hour as well as to a day. I do not allude to the question of proof, as to how far a reasonable allowance may be made on account of the difference to be expected in. the clocks and watches of different persons. A contract, to be performed at a given hour, must necessarily be governed by the same principles as when to be performed on a given day; the same rules of pleading and of evidence must apply to the one case, as to the other. The averment of the plaintiffs is, that they did make and *447 execute the deed of conveyance required, and that on the day and at the place specified in the conditions, at the hour of ten in the forenoon of that day, they were ready and offered to deliver the said deed to the defendant, according to the terms and conditions of the said sale. The proof is, that the deed was not executed and ready for delivery until more than two hours, and not actually tendered until some nine hours, after the time specified in the conditions and averred in the pleadings. It is not a mere question of evidence under the pleadings. The plaintiffs are bound to plead according to, and consistently with, the contract under which they sought to recover; and having so pleaded, they were bound to prove the averments in their declaration. Having failed, in my judgment, in the proof of tender averred, I am of opinion that for this as well as for the previous reasons, the verdict should be set aside and a new trial granted.