**SULLIVAN & WATKINS, INC.,**
**Plaintiff-Respondent,**

v.

**David J. RAUSCHER,**
**Defendant-Appellant.**

**No. 46725.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Rexford H. Caruthers, St. Louis, for defendant-appellant.

Henry D. Menghini, Gerre S. Langton, St. Louis, for plaintiff-respondent.

RONALD M. BELT, Special Judge.

Plaintiff law firm sued defendant attorney to recover fees received after his separation from the law firm. The trial court found for plaintiff and rendered judgment against defendant in the amount of $106,581.93. Defendant now appeals. The judgment is affirmed.

In August, 1973, appellant David Rauscher joined respondent law firm of Sullivan & Watkins, Inc., as an associate. The firm agreed to pay Rauscher $10,000 a year and other fringe benefits. Appellant was to pay the firm one-half of all fees generated by business he brought into the firm. From 1973 to 1980, appellant divided all fees in accordance with that agreement.

On February 9, 1980, defendant announced his intention to leave the firm. He did so on February 15, 1980. Thereafter, defendant received fees on various contingent fee arrangements existing at the time of his departure. The largest fee was from a case on which a verdict had been obtained a week before he announced his intention

to leave. All post trial and appeal effort followed his termination.

On appeal, five points of error are raised. For various reasons the first four points are premised on the assumption that the following findings by the trial court are in error:

"... the defendant agreed to pay to plaintiff one-half of all fees resulting from business brought into plaintiff's firm by defendant ...;"

"... defendant is indebted to plaintiff and should account to plaintiff for business brought into the firm by defendant during defendant's period of employment by plaintiff, including fees received on the Ramsey vs. Oakite Products case ...;" and

"... defendant account to plaintiff for all monies received by defendant as a result of the Ramsey vs. Oakite Products case and all other cases brought into the plaintiff's firm by defendant during the said period of defendant's employment with said firm ..."

These findings are challenged for the following reasons: (1) There was no substantial evidence to support the court's ruling and that said ruling erroneously declares and applies the law; (2) respondent failed to plead and prove any consideration to support a contract for post-employment divisions of fees; (3) respondent is estopped from asserting any contract rights because it demanded and accepted reimbursement for all expenses advanced by respondent on appellant's separate business during his association with the firm; and (4) accord and satisfaction occurred when respondent accepted and cashed a check for advanced expenses.

■ The issues of "estoppel" and "accord and satisfaction" were specifically considered by the trial court and found against appellant. The trial court held that the fees at issue were covered by this contract. No additional contract was required if that ruling was correct. Where there is no ambiguity in the contract, the interests of the parties are to be gathered from it and it alone, and it becomes a duty of the court to state its clear meaning. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 265 (Mo.1973).

■ This court has reviewed the transcript and there was substantial evidence to support the court's ruling on each of the first four points, and the court did not erroneously declare or apply the law. See *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The first four points are denied.

Appellant cites us to *McLean v. Michaelowsky,* 117 Misc.2d 699, 458 N.Y.S.2d 1005 (1983). The case dealt with attorney fees of a former employee on a case she took with her when she left the firm. Unlike this case, there was no agreement as to distribution of fees after she left the firm. The court there pointed out that the parties could have in their original agreement protected their legitimate interests.

Appellant's final point claims he was improperly denied the right to a jury trial. He argues that because respondent did not plead and prove any basis for equity jurisdiction or an action on account, the grant of equity jurisdiction deprived him of his right to a jury trial. The point is denied.

■ There is no evidence appellant ever requested a jury trial. By entering into trial without objection, any error that occurred was waived. Rule 69.01; *State ex rel. State Highway Commission v. Tighe,* 386 S.W.2d 115, 116 (Mo.1964).

The judgment is affirmed.

SNYDER, P.J., and STEWART, J., concur.