Elizabeth GAST, et al.,
Plaintiffs–Appellants,

v.

Steve EBERT, et al.,
Defendants–Respondents.

No. 69355.

Supreme Court of Missouri,
En Banc.

Nov. 17, 1987.

W.W. Sleater, N.C. Sleater, Kirkwood, for plaintiffs-appellants.

James P. Lemonds, St. Louis, for defendants-respondents.

BILLINGS, Chief Justice.

Plaintiffs John and Gayle Gast are the parents of Elizabeth Gast, a minor, who was injured in an automobile accident. They appeal from an order of the trial court granting summary judgment to defendant Steven Ebert on plaintiffs' claim seeking rescission of a release agreement executed with defendant's insurer. The issue is whether a factual dispute exists as to the validity of the release agreement. The Court concludes that there is a genuine issue of material fact and reverse and remand.

On November 24, 1981, Elizabeth Gast was injured while a passenger in an automobile driven by Steven Ebert. Six months later, John and Gayle Gast and their minor daughter signed a written settlement agreement with Ebert's insurer, American Family Insurance in which they agreed to release their claims for $4,165.06. Two drafts totalling $3,165.06 were paid covering Elizabeth's medical expenses. Prior to receiving the additional $1,000.00 from the insurance company, Mr. and Mrs. Gast and their daughter repudiated the release agreement and filed suit against Ebert.

Elizabeth Gast, having reached her majority, sought rescission of the release agreement and damages for personal injury. She obtained summary judgment on her claim for rescission and then dismissed her damage claim without prejudice. Her claim is not involved in this appeal.

Mr. and Mrs. Gast also sought to rescind the settlement agreement, to obtain damages for medical expenses paid, and to obtain damages for the loss of their daughter's services. They alleged the agreement was the product of fraudulent misrepresentation and duress, and was unenforcable due to a failure of consideration (non-payment of the $1,000) and the failure of a condition precedent (failure to obtain court approval of the settlement). The Gasts tendered the monies for medical expenses into the registry of the court. Ebert filed a counterclaim seeking a declaration of his rights under the agreement. Both parties moved for summary judgment. The trial court granted Ebert's motion and denied plaintiffs' motion, thereby holding the Gasts to the terms of the agreement.

■ When reviewing a ruling on a motion for summary judgment an appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Zafft v. Eli Lilly & Company,* 676 S.W.2d 241, 244 (Mo. banc 1984); *Thompson v. Parker,* 608 S.W.2d 415, 416 (Mo. banc 1980); *Maddock v. Lewis,* 386 S.W.2d 406, 409 (Mo.1965). Summary judgment is a drastic remedy and is inappropriate unless the prevailing party has shown by unassailable proof that he is entitled to judgment as a matter of law. *Pitman Manufacturing Company v. Centropolis Transfer Company,* 461 S.W.2d 866, 872 (Mo.1971); *Elliott v. Harris,* 423 S.W.2d 831, 835 (Mo. banc 1968); Rule 74.-04(h). The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact. *Brooks v. Cooksey,* 427 S.W.2d 498, 500 (Mo.1968). A genuine issue of fact exists when there is the slightest doubt about a fact. *Shepherd v. American States Insurance Company,* 671 S.W.2d 777, 780 (Mo. banc 1984).

Plaintiffs seek to avoid the release agreement by claiming that they were induced to sign the document through fraudulent misrepresentation. Plaintiffs admitted that they signed the instrument and have the burden of proving its invalidity. *Bogus v. Birenbaum*, 375 S.W.2d 156, 160 (Mo.1964). The elements of a submissible case of fraudulent misrepresentation are:

(1) a false, material representation;

(2) the speaker's knowledge of its falsity or his ignorance of its truth;

(3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;

(4) the hearer's ignorance of the falsity of the statement;

(5) the hearer's reliance on its truth, and the right to rely thereon; and

(6) proximate injury.

*Huttegger v. Davis*, 599 S.W.2d 506, 511 (Mo. banc 1980).

In their affidavit, plaintiffs' state that they were told by the defendant's insurer that the agreement which they signed was merely a receipt for moneys received to cover their daughter's medical bills. The counter-affidavit of insurer's claims representative states that the Gasts were not told that the agreement was merely a receipt for reimbursement of medical expenses. Based on these affidavits, there is a genuine dispute as to whether a representation was made. If the statement was made, and it must be assumed that it was since the record is viewed in the light most favorable to the plaintiffs, the representation was admittedly false because the defendant is attempting to enforce the agreement as a complete and binding release. The representation was clearly material since the plaintiffs' cause of action hinges on whether the document which they signed was a binding release or merely a receipt.

The other elements of fraudulent misrepresentation were properly pleaded in the amended petition and were denied in the answer. The defendant presented no evidence in his affidavit touching upon these elements. Summary judgment should not be granted where the affidavits of the moving party fail to resolve a material issue raised by the pleadings. *George F. Robertson Plastering Company v. Altman*, 430 S.W.2d 169, 171–72 (Mo.1968); *E.O. Dorsch Electric Company v. Knickerbocker Construction Company*, 417 S.W.2d 936, 938 (Mo.1967); *Brown v. Upjohn Company*, 655 S.W.2d 758, 760 (Mo.App.1983). Based on the pleadings, genuine issues of material fact remain to be resolved relating to the remaining elements of plaintiffs' claim for fraudulent misrepresentation.

The trial court erred in granting defendant summary judgment because defendant failed to meet his burden of proving that there were no genuine issues of material fact. Because there is a factual dispute on the issue of fraudulent misrepresentation, this Court need not reach the issues of duress, failure of consideration (non-payment of the $1,000), and failure of a condition precedent (court approval of minor's settlement).

Reversed and remanded for further proceedings.

All concur.