**F.J. MICELI and Slonim Development Corporation, Plaintiff/Appellant,**

v.

**Mary W. DIERBERG, Defendant/Respondent.**

**No. 55200.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied Aug. 1, 1989.

Weier, Hockensmith & Sherby, Thomas M. Utterback and William A. Hellmich, St. Louis, for plaintiff/appellant.

Gunn and Gunn, Donald Gunn, Jr., St. Louis, for defendant/respondent.

KAROHL, Judge.

F.J. Miceli and Slonim Development Corporation [Miceli and Slonim], buyer, sued Mary W. Dierberg, seller, for specific performance of a real estate sale contract for a tract of land. The sole issue is whether the failure of buyer to appear by 10:20 a.m. on May 16, 1988, was a breach of contract so as to excuse performance by seller. The contract required that closing occur "at the office of Community Title Company, 11 North Brentwood, Clayton, Missouri 63105 on May 16, 1988 at 10:00 a.m." Time was of the essence of the contract. The trial court refused an order of specific performance.

Buyer's sole claim of error as set forth in the brief is as follows:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF SPECIFIC PERFORMANCE AND IN DENYING PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER GRANTING SUMMARY JUDGMENT BECAUSE THE FOLLOWING MATERIAL FACTS ARE IN DISPUTE WHICH PRECLUDE SUMMARY JUDGMENT: (A) WHETHER OR NOT THE SALE CONTRACT REQUIRED PLAINTIFF TO TENDER THE PURCHASE PRICE AT PRECISELY 10:00 A.M. ON THE DATE OF CLOSING; AND, IF SO, (B) WHETHER OR NOT PLAINTIFF'S DELAY IN TENDERING THE PURCHASE PRICE WAS UNREASONABLE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE.

On February 25, 1988, Joanne and Louis Basso tendered a contract to Mary W. Dierberg to purchase her real estate. She accepted the offer. The agreed purchase

price was $1,310,000. Thereafter, the Bassos assigned their rights to purchase to Miceli and Slonim. Miceli and Slonim, as assignees of buyer, seek to enforce the contract negotiated by the Bassos with Dierberg.

The provisions of the contract directly involved with buyer's claim of error are:

"The sale under this contract shall be closed ... at the office of Community Title Company, 11 North Brentwood, Clayton, Missouri 63105 on *May 16, 1988 at 10:00 a.m. ... Time is of the essence* of this contract. Possession of property to be delivered to purchaser at time of transfer of title, or on May 17, 1988 *at 5:00 p.m.*" (Our emphasis).

The contract also included a Special Agreement section which contained a clause stating: "[s]ubject to the terms of this Contract, sale to be closed on May 16, 1988 at *10:00 a.m.* at Community Title Company...." (Our emphasis). The Bassos negotiated for acceptance of their offer to purchase by *5:00 p.m.* on February 26, 1988, for possession at time of closing or at *5:00 p.m.* on May 17, 1988, and for closing at *10:00 a.m.* on May 16, 1988. Therefore, the Bassos negotiated for acceptance, closing and possession to occur at a specific time of day, not merely on a specified date. These provisions were all accepted by Dierberg.

At 10:00 a.m. on May 16, 1988, Dierberg appeared at Community Title Company for closing. No representative of Miceli and Slonim was at the office at 10:00 a.m. No one from Miceli and Slonim had previously informed Dierberg there would be a delay in closing. At 10:20 a.m. Dierberg declared the contract null and void because closing "did not take place as agreed upon." Soon after Dierberg left the title company office. Dierberg had intended to use the purchase

money to close another contract for real property later the same day.

At approximately 10:30 a.m., on May 16, 1988, a representative of Miceli and Slonim appeared at Community Title Company to initiate closing procedures. The representative did not, however, have the funds for payment of the balance of purchase price. Payment was not tendered until 1:30 p.m. Dierberg refused to return to the title company and close. She maintained Miceli and Slonim breached the contract by failing to tender payment by 10:20 a.m. Dierberg had made other arrangements to finance her purchase of other real estate according to her obligation under contract.

Miceli and Slonim sued for specific performance of the contract, claiming the contract did not require closing occur at 10:00 a.m., but merely at sometime during the day of May 16, 1988. Dierberg filed a motion for summary judgment. She contended time was of the essence of the contract and Miceli and Slonim breached the contract when it failed to tender payment at 10:00 a.m. Dierberg also filed a counterclaim, seeking actual and punitive damages. Dierberg subsequently dismissed the counterclaim.[1] The court granted summary judgment in favor of Dierberg.

We review the summary judgment on undisputed facts consisting of the sale contract; seller's appearance at the title company at 10:00 a.m.; seller's leaving at 10:20 a.m. after declaring the contract breached; appearance of representative of buyer at 10:30 a.m. without funds; buyer's tendered performance at 1:30 p.m; and, seller's closing to purchase other real estate, under a contract to purchase the same day, after arranging alternative financing. Our review is governed by the standard of review in *Gast v. Ebert,* 739 S.W.2d 545, 546 (Mo. banc 1987).

1. The Bassos paid $10,000 in earnest deposit money on February 26, 1988. The contract required an additional deposit of $10,000 sometime in March, 1988. It is unclear from the record whether the Bassos or Miceli and Slonim paid the additional $10,000 deposit. The contract specifies that "if sale be not closed by *date* fixed therefor owing to failure of performance by purchaser, earnest deposit shall be forfeited by purchaser." (Our emphasis). The forfeiture provisions relate to date not to time and date. This clause required forfeiture of the earnest deposit if performance was not tendered on May 16, 1988. Miceli and Slonim did tender performance on May 16, 1988. The present opinion does not decide the issue of refund.

Parties to a contract may provide that time is of the essence. *Cochran v. Grebe*, 578 S.W.2d 351, 353 (Mo.App.1979). A clause specifying time is of the essence ordinarily means a specific contractual provision fixing the time of performance is to be regarded as a vital element of the contract. *Tamko Asphalt Products, Inc. v. Fenix*, 321 S.W.2d 527, 533 (Mo.App.1958). If a contract specifies a certain time for performance, the contract must be performed at that time, even if time is specified by the hour. *See, Doctorman v. Schroeder*, 92 N.J.Eq. 676, 114 A. 810, 811–12 (1921); *Gorrie v. Winters*, 214 N.J.Super. 103, 518 A.2d 515, 516–18 (App.Div. 1986), *cert denied*, 107 N.J. 114, 526 A.2d 184 (1987); *Shinn v. Roberts*, 20 N.J.L. 435, 443–47 (1845); 17 Am.Jur.2d *Contracts* § 332 (1964); 17A C.J.S. *Contracts* § 502(1) (1963). *See also, Nedelman v. Meininger*, 24 Mich.App. 64, 180 N.W.2d 37, 43 (1970). Custom will not alter express agreement of the parties.

Here, the contract clearly and precisely stated closing was to occur at 10:00 a.m. on May 16, 1988. Time and date were specifically referred to in three separate sections of the contract. The contract required closing, acceptance of offer and transfer of possession by a specific hour of a certain date. It was agreed time was of the essence of the contract. This provision would relate to all three times and dates. Dierberg was obligated to close under another contract to purchase real estate later the same day. She relied on receiving the proceeds of her sale at 10:00 a.m. Because closing did not occur as agreed, Dierberg was required to make other arrangements to meet her obligation. These facts lend meaning to the judgment of the trial court that "10:00 a.m." was the agreement of the Bassos and Dierberg, not a mere guideline.

Whether the terms of a contract are ambiguous is a question of law for the court's determination. *Republic National Life Insurance Co. v. Missouri State Bank and Trust Co.*, 661 S.W.2d 803, 808 (Mo. App.1983). When there is no ambiguity in a contract, it is the duty of the court to state its clear meaning. *Sullivan & Watkins, Inc., v. Rauscher*, 684 S.W.2d 438, 439 (Mo.App.1984). Here, the court found there was no ambiguity in the contract and that the contract required closing at or reasonably near 10:00 a.m.

We find no error in the judgment refusing to order seller to specifically perform and close on the contract. Miceli and Slonim's failure to tender payment until May 16, 1988, at 1:30 p.m., combined with its failure to inform Dierberg of the delay in closing, was a breach of contract. None of the summary judgment facts are in dispute. No genuine issue of fact remained. The judgment was a matter of interpretation of the meaning of a contract, a question of law. Buyer's claim of error recognized the question is one of law. On undisputed facts summary judgment was proper, *see, Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987), and not a misapplication of the law. *See, Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We affirm.

CRANDALL, P.J., and CRIST, J., concur.