**Larry McKIM and Norma McKim, Appellants,**

v.

**SEARS RODEO ASSOCIATION, INC., United Rodeo Association, Inc., Moila Temple and Northeast Missouri Trailriders Association, Respondents.**

**No. WD 42280.**

Missouri Court of Appeals, Western District.

May 8, 1990.

Marvin Tofle, Columbia, for appellants.

Terry M. Evans, Trenton, for Sears Rodeo Ass'n & United Rodeo Ass'n.

Thomas R. Oswald, Jr., Kirksville, for Moila Temple.

Russell E. Steele, Kirksville, for Northeast Missouri Trailriders Ass'n.

Before NUGENT, C.J., P.J., FENNER, J., and WASSERSTROM, Sr. J.

FENNER, Judge.

Appellants, Larry McKim and his wife, Norma McKim, appeal a summary judgment entered against them on their petition for damages. Larry McKim alleged that he was injured while assisting with parking control for a rodeo on June 21, 1980. Appellant Norma McKim's claim was for loss of the services of her husband.

The rodeo in question was an annual event co-sponsored by respondent Northeast Trailriders Association, (hereinafter Trailriders), and the El Kadir Shrine Club, (hereinafter Shrine Club). Appellants alleged that the Shrine Club was organized and existed under the corporate charter of respondent Moila Temple, a Missouri Benevolent Corporation. The rodeo was held at the Trailriders rodeo arena at the Northeast Missouri District Fairgrounds in Kirksville, Missouri.

The Shrine Club and the Trailriders contracted with respondent Sears Rodeo Association, Inc., (hereinafter Sears), to provide stock animals for the rodeo. Respondent United Rodeo Association, Inc., (hereinafter United Rodeo), was not involved with the organization of the rodeo.[1]

Board members of the Shrine Club and the Trailriders met to designate various

---

1. United Rodeo represents in its brief that it merely acted to sanction the rodeo in order that its member cowboys and cowgirls could obtain points for their participation in the event. This explanation is not found in the record and it is, therefore, not accepted herein.

responsibilities for the rodeo. James Sears, representing Sears Rodeo, was at one meeting between the Trailriders and the Shrine Club where livestock, specialty acts and the amount of payment to Sears Rodeo were discussed. Traffic was not discussed at this meeting. Sears Rodeo's contract guaranteed a flat fee regardless of the attendance at the rodeo. Appellant Larry McKim did not look to Sears Rodeo or United Rodeo for any guidance or direction in regard to traffic control at the rodeo.

Appellant Larry McKim was a member of the Shrine Club. McKim volunteered to assist in parking at the rodeo. He understood that he was not compelled to assist with parking, but did so because he wanted to help.

On the morning of the rodeo there was a parade in Kirksville, Missouri. Appellant Larry McKim traveled to the parade with Clarence Robertson and Frank Matheney who were fellow members of the Shrine Club. McKim, Robertson and Matheney were all going to be assisting with parking at the rodeo later that day. McKim discovered that morning that Robertson and Matheney were going to be using horses while directing traffic at the rodeo. McKim decided that he would also like to direct traffic from horseback and asked Robertson if he could borrow a horse. Robertson agreed to provide a horse for McKim.

On the afternoon of the rodeo, McKim, Robertson and Matheney traveled to the rodeo together taking the horses they planned to ride with them. Upon arriving at the fairgrounds, McKim mounted his horse and rode it around for a period of time to get acquainted with it. The horse suited McKim and he didn't have any problems with the horse until a motorist honked his horn, scaring the horse causing it to rear and fall on McKim, thereby injuring him. No one ordered or directed that McKim ride a horse while parking cars.

Appellant's original petition was filed herein on May 2, 1984. After considerable discovery the Trailriders filed a Motion for Summary Judgment on August 8, 1988.

Moila Temple filed a Motion for Summary Judgment on September 8, 1988. Sears Rodeo and United Rodeo filed their Motion for Summary Judgment on September 14, 1988. The trial court found that appellants presented no genuine issue as to any material fact and that each of the respondents were entitled to summary judgment as a matter of law. Appellants argue that the trial court erred by so holding.

Appellants purport to raise nine separate points in their brief. In reality appellants argue in seven of their points that respondents had a duty to exercise due care and that the record presented a genuine issue of material fact as to whether respondents commited a breach of this duty. Appellants' other two points address questions that would only need to be reviewed if there was a genuine issue as to any material fact which showed that the respondents, or any of them, had committed a breach of a duty toward appellant. Since it is the holding of this court that appellants did not present a genuine issue of any material fact to show that any of the respondents committed a breach of a duty owed appellants, these other two points will not be addressed.

█ Review of summary judgment is equivalent to review of a court tried or equity proceeding, and if, as a matter of law, the judgment is sustainable on any theory, the judgment of the trial court must be sustained. *Roberts Fertilizer, Inc. v. Steinmeier,* 748 S.W.2d 883, 886 (Mo.App.1988). The reviewing court first determines whether there is any genuine issue of material fact requiring trial, and, second whether the judgment is correct as a matter of law. *Id.* at 886.

█ When reviewing a ruling on a motion for summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert,* 739 S.W.2d 545, 546 (Mo. banc 1987). The burden is on the moving party for summary judgment to demonstrate that there is no genuine issue of fact. *Id.* A

genuine issue of fact exists when there is the slightest doubt about a fact. *Id.* However, in order for a factual dispute to bar summary judgment, the dispute must involve a material fact, that is, one which has legal probative force as to a controlling issue. *Ware v. St. Louis Car Company,* 384 S.W.2d 287, 280 (Mo.App.1964).

■ In the case at bar there is no dispute that the Shrine Club and the Trailriders co-sponsored and planned the rodeo; that Larry McKim was not directed or ordered to help park cars; that McKim rode a horse owned and provided by Clarence Robertson; that McKim did not decide to ride a horse while parking cars until the day of the rodeo; that no one from any of the respondent organizations told McKim to ride a horse; that none of the respondent organizations were given notice in advance of the rodeo that McKim intended to ride a horse while parking cars; that Larry McKim had experience riding horses; that Larry McKim did not have any problem with the horse until the accident; and that the horse reared up and fell on Larry McKim when a vehicle sounded its horn.

The real issue herein is whether the facts present a genuine issue to show that the respondents or any of them breached a duty owed appellants thereby supporting appellants' claim for damages based upon the negligence of the respondents.

■ Actionable negligence arises from (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) the failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. *Scheibel v. Hillis,* 531 S.W.2d 285, 288 (Mo. banc 1976). The duty imposed by the law of negligence arises out of the surrounding circumstances and is based on the foreseeability or a reasonable anticipation that harm or injury is a likely result of the defendant's acts or omissions. *Green v. Kahn,* 391 S.W.2d 269, 275 (Mo.1965). That is, negligence exists in a particular situation only if a reasonably prudent person would have anticipated the danger and provided against it. *Scheibel v. Hillis,* 531 S.W.2d at 288.

Regardless of any other issue presented, the record does not establish that any of the respondents, acting as a reasonably prudent person, would have anticipated the danger to appellant, Larry McKim and provided against it. The danger to Larry McKim arose from his use of a horse and none of the respondents knew, nor has it been established as a question of fact, that they could have reasonably anticipated that Larry McKim would ride a horse while directing traffic at the rodeo. It was Larry McKim's sole decision to ride a horse. McKim's use of a horse was not suggested or sanctioned by any of the respondents.

The record does not support appellants' claim of negligence against any of the respondents. The judgment of the trial court granting summary judgment against appellants is affirmed.

■ Respondents Sears Rodeo and United Rodeo ask for damages for frivolous appeal under Rule 84.19.

The purpose of Rule 84.19 is twofold: first, it prevents the dockets of the appeals courts from becoming cluttered by nonmeritorious appeals which would in effect delay those appeals which have merit and second, the rule allows for respondents in a meritless appeal to be compensated for the costs of responding. *Jensen v. Jensen,* 670 S.W.2d 16, 18 (Mo.App.1984). In *P.L.K. v. R.J.K.,* 682 S.W.2d 486, 491 (Mo.App.1984), this court defined a frivolous appeal as one which presents no justiciable question and is so devoid of merit that there is little prospect that it can succeed. In order to avoid the costs of frivolous appeal, the issues presented must be fairly debatable at least. *Woodley–Griggs Boiler Repair, Inc. v. Sanders,* 626 S.W.2d 410, 413 (Mo. App.1981).

In the case at bar, the record establishes that Sears Rodeo was not responsible for the sponsorship, parking, or traffic control, or for any guidance or direction to the sponsors of the rodeo. Sears Rodeo had a flat fee contract to provide livestock and specialty acts. Likewise, United Rodeo was not involved with the organization of the rodeo. Appellant Larry McKim admit-

ted on the record that he did not know why United Rodeo was a party to his cause of action.

Appellants' appeal as to Sears Rodeo and United Rodeo is frivolous.

Sears Rodeo is awarded judgment against appellants Larry McKim and Norma McKim in the amount of One Thousand Dollars. United Rodeo is also awarded judgment against appellants Larry McKim and Norma McKim in the amount of One Thousand Dollars.

All concur.