The **MARYLAND CASUALTY COMPANY, Respondent,**

v.

**B. Jeannie MARTINEZ, et al., Defendant,**

and

**Jose R. Martinez, Appellant,**

and

**Delia Colston, et al., Appellant,**

and

**Royal Insurance Company, Appellant.**

Nos. WD 43318, WD 43319 and WD 43340.

Missouri Court of Appeals, Western District.

June 18, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Application to Transfer Denied Sept. 10, 1991.

W. Stephen Nixon, Ahmann, Stewart & Nixon, P.C., Independence, for appellant Colston, et al.

Paul Hasty, Jr. and Norman I. Reichel, Wallace, Saunders, Austin, Brown and Enochs, Chtd., for appellant Royal Ins. Co.

Justine E. Del Muro, Popham, Conway, Sweeny, Fremont, & Bundschu, P.C., for appellant Martinez.

Larry J. Tyrl, James, Millert, Houdek, Tyrl & Sommers, Kansas City, for Maryland Cas. Co.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

This is a consolidated appeal arising out of a declaratory judgment action filed by Respondent Maryland Casualty Company, seeking a declaration as to certain rights and obligations under an automobile liability insurance policy issued by the insurance

company. Specifically, Respondent Maryland Casualty Company (hereinafter "Maryland Casualty") sought a declaration that it had no obligation to defend and there was no insurance coverage for damages in a wrongful death action arising out of an automobile accident involving an automobile insured under a policy of insurance issued by Maryland Casualty to Silvan F. Goeser. The automobile accident occurred after Silvan F. Goeser's death and prior to the appointment of a personal representative to administer his estate. Motion for Summary Judgment was filed by Maryland Casualty and answers thereto. A hearing was held on the matter and afterward an Order for Summary Judgment was issued in favor of Maryland Casualty as there were no genuine issues of material fact to be decided.

Appellants are: Defendant Jose Ramon Martinez, who is also defendant in the underlying wrongful death case; defendants Delia C. Colston, Kathryn L. Collins and Helen L. Linson, who are plaintiffs in the underlying wrongful death case; and intervenor Royal Globe Insurance Company.

Affirmed.

Silvan F. and Sara Goeser were husband and wife and lived in Independence, Missouri. Due to their advanced age and ill health, they had a full-time caretaker living with them in their home, Defendant B. Jeannie Martinez. Other members of the Martinez family also resided with the Goesers, one of whom was Appellant Jose Ramon Martinez, B. Jeannie Martinez's brother-in-law.

Maryland Casualty issued an automobile liability insurance policy insuring a 1979 Chevrolet pickup truck owned by the Goesers. The policy was issued for the period July 25, 1987, to January 25, 1988. The named insured on the insurance policy was Silvan Goeser. Silvan Goeser died on September 20, 1987, his wife having predeceased him on June 6, 1987. At the time of Silvan F. Goeser's death Bishop R.W. Pearson, a friend of the Goesers and a bishop with the Reorganized Church of Jesus Christ of Latter Day Saints, held a durable power of attorney for Silvan F. Goeser.

Defendant B. Jeannie Martinez also held a durable power of attorney for Silvan F. Goeser.

During the time Bishop R.W. Pearson was making funeral arrangements for Silvan F. Goeser, a question arose as to whether Bishop R.W. Pearson or B. Jeannie Martinez was the named personal representative of Silvan F. Goeser's estate. It was later determined, however, that Bishop R.W. Pearson was named as personal representative in Silvan F. Goeser's Last Will and Testament. On December 23, 1987, Bishop Pearson filed an Application for Letters Testamentary and Application for Letters of Administration With Will Annexed. On December 30, 1987, Letters Testamentary were issued to Bishop Pearson, authorizing him to act as the personal representative of Silvan F. Goeser.

The Martinez family continued to live at the Goeser residence after the death of Silvan F. Goeser. On October 18, 1987, the 1979 Chevrolet pickup truck, owned prior to his death by Silvan Goeser, was involved in an accident in Independence, Missouri. Eva Mellore, a passenger in the other vehicle involved in the accident, sustained injuries and subsequently died. The 1979 Chevrolet pickup truck was being operated at the time of the accident by Appellant Jose Ramon Martinez.

A wrongful death action styled *Delia C. Colston, et al. v. Jose Ramon Martinez, et al.*, Case No. CV88–13231, was filed by Appellants Delia C. Colston, Kathryn L. Collins and Helen L. Linson, the surviving sisters of Eva Mellore. In his Answer to the wrongful death petition filed by Appellants Delia C. Colston, Kathryn L. Collins and Helen L. Linson, Jose Ramon Martinez judicially admitted that at the time of the accident on October 18, 1987, he was operating the 1979 Chevrolet pickup truck without permission or authorization, and contrary to the express instructions and directions he had been given concerning the operation of the vehicle. He judicially admitted he "stole" the truck and went "joyriding".

The parties to the declaratory judgment action are as follows: Plaintiff The Mary-

land Casualty Company; Defendants Delia C. Colston, Kathryn L. Collins and Helen L. Linson, sisters of the decedent Eva Mallore and plaintiff with wrongful death action; Bishop R.W. Pearson, personal representative of the estate of Silvan F. Goeser (although he answered and appeared during the declaratory judgment action, he has not appealed the trial court's order granting summary judgment); Defendants Restoration Trial Foundation, Inc., and the Reorganized Church of Jesus Christ of Latter Day Saints are named as defendants in the wrongful death action (neither organization has appealed the order granting summary judgment); Defendants B. Jeannie Martinez; her husband Jesus Martinez; her brother-in-law Jose Ramon Martinez; Chriqui Haim, a passenger in the Goeser vehicle; Paul D. Arend, operator of the vehicle in which Eva Mellore was a passenger; and Agnes R. Shirk, also a passenger in the Arend vehicle; who were all included as defendants in the declaratory judgment action in the event that they claim any rights under the Maryland Casualty policy.

Restoration Trail Foundation, Inc., and the Reorganized Church of Jesus Christ of Latter Day Saints were beneficiaries under the last will and testament of Silvan F. Goeser. Royal Globe Insurance Company has issued a general liability policy providing insurance coverage to the Reorganized Church of Jesus Christ of Latter Day Saints and the Restoration Trial Foundation, Inc., and thus intervened in the declaratory judgment action, seeking the determination that its policy of insurance was secondary to the policy of Maryland Casualty.

Regarding the underlying wrongful death action, Defendants Bishop R.W. Pearson, Restoration Trail Foundation, Inc., and the Reorganized Church of Jesus Christ of Latter Day Saints all filed separate motions to dismiss which were granted. That court concluded that Bishop R.W. Pearson had no legal duty to the plaintiffs (Appellants Delia C. Colston, Katherine Collins, and Helen Linson) until Bishop Pearson initiated probate proceedings on December 30, 1987. The same rationale was applied by that court regarding the two above-mentioned defendant organizations.

The trial court issued its Order granting Summary Judgment concluding that Maryland Casualty held no obligation to defend or indemnify in any lawsuit arising out of the automobile accident involving Jose Ramon Martinez and there were no genuine issues of material fact in existence such that Maryland Casualty could be held liable in this matter. This timely appeal from the Order of Summary Judgment in favor of Maryland Casualty followed.

 When reviewing a ruling on a motion for summary judgment an appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). [citations omitted]. Summary judgment is a drastic remedy and is inappropriate unless the prevailing party has shown that he is entitled to judgment as a matter of law. *Id.* The burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of fact. *Id.* A genuine issue of fact exists when there is the slightest doubt about a fact. *Id.* Keeping these well established principles firmly in mind, this court now turns to points raised on this appeal.

To ascertain whether or not coverage applies for this accident this court first turns to the pertinent policy provisions dealing with the definitions of covered automobile, the insuring agreement, the definition of insured under the policy and the general provision of the insurance policy relating to the transfer of an insured's interest in the policy. These provisions are as follows:

DEFINITIONS

J. "Your covered auto" means:

1. Any vehicle shown in the Declaration.

INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto acci-

dent. Damages include prejudgment interest awarded against "insured." We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

2. Any person using "your covered auto."

3. For your "covered auto," any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer," other than "your covered auto," any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or drive the auto or "trailer."

TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representatives of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto."

Appellants' contend that the trial court erred in granting summary judgment because Maryland Casualty, under its contract of insurance has an obligation to defend and indemnify any lawsuit arising out of the accident involving Jose Ramon Martinez pursuant to the provisions of the insurance policy it had with Silvan F. Goeser. Specifically, appellants contend (1) Jose Ramon Martinez is an insured person contemplated under the insurance contract; (2) the underlying wrongful death action states a claim against Bishop R.W. Pearson, Restoration Trail Foundation, and Reorganized Church of Jesus Christ of Latter Day Saints for negligence that requires defense and indemnity by Maryland Casualty in that: (a) Bishop R.W. Pearson, at the time of the automobile accident, was the "legal representative" of the Silvan F. Goeser Estate as defined by the insurance contract and/or (b) Restoration Trail Foundation and Reorganized Church of Jesus Christ of Latter Day Saints were the owners of the pickup truck immediately upon the death of Silvan F. Goeser, subject to possession acquired by Bishop Pearson as personal representative.

The crucial question this court faces is whether Jose Ramon Martinez fits under either exception to the policy provision regarding transfer of interest upon death, those exceptions being that he is either the surviving spouse of Silvan F. Goeser or Silvan F. Goeser's legal representative. This court has considered each of appellants' arguments and finds this issue to be controlling. Therefore, no extended discussion of appellants' other contentions is necessary for disposition of this matter.

Whether or not language in a contract is ambiguous is a question of law to be decided by the trial court. *Harris v. Union Electric Co.*, 622 S.W.2d 239, 247 (Mo.App.1981). Where there is no ambiguity in the contract, it is the responsibility of the trial court to state its meaning. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo.1973). Summary judgment is appropriate when the contract is clear and unambiguous in its construction. *Adzick v. Chulick*, 512

S.W.2d 194, 197 (Mo.App.1974). This court has the obligation to determine whether the trial court has erroneously interpreted the contract in finding the contract to be unambiguous as a matter of law. *Anchor Centre Partners v. Mercantile Bank*, 803 S.W.2d 23, 32 (Mo. banc 1991); *Eatherton v. Moore*, 636 S.W.2d 349, 350 (Mo.App. 1982). Thus, this court reviews the contract itself to determine if any ambiguity exists. Here, the trial court concluded that the language of the insurance policy is clear. This construction is correct. The language in question is not ambiguous in that it is not "reasonably susceptible of different constructions." *Kalen v. Steele*, 341 S.W.2d 343, 346–47 (Mo.App.1960). Therefore, the policy must be construed according to its plain meaning. *Harrison v. MFA Mutual Ins. Co.*, 607 S.W.2d 137 (Mo. banc 1980).

Given the plain, unambiguous meaning of the insurance policy, it is clear the insurance policy does not cover Jose Ramon Martinez. The policy states, that at the death of the insured, coverage will be provided for a surviving spouse or legal representative. Jose Ramon Martinez is neither. Other than the provisions regarding assignment of the insurance upon insured's death to the surviving spouse or legal representative, no assignment of the insurance was permitted by the policy. A prohibition on the assignment of insurance and coverage is recognized in Missouri. *Smith v. R.B. Jones of St. Louis, Inc.*, 672 S.W.2d 185, 186 (Mo.App.1984). Further, the general rule is that in the absence of a contrary provision in the policy, an automobile liability insurance policy terminates upon the death of the insured. 9 *Couch on Insurance 2d*, Section 39: 243, p. 681 (1985).

There must be coverage before there is a duty to defend. Here, the contract of insurance provides no coverage because Jose Ramon Martinez is neither the "surviving spouse" or "legal representative" given their plain, unambiguous meaning as used in the insurance contract.

Further, it serves no purpose to determine if there was a legal representative and then if Jose Ramon Martinez was operating the "covered auto" with the express or implied consent of a legal representative due to Jose Ramon Martinez's judicial admission that he was operating the vehicle without permission. He judicially admitted he "stole" the truck and went "joyriding".

There were no genuine issues of material fact left to be decided. The trial court correctly concluded that the language of the insurance contract was clear and unambiguous and that Jose Ramon Martinez, while operating the 1979 Chevrolet pickup truck at the time of the accident, was not the "surviving spouse" or "legal representative" of Silvan F. Goeser and, thus, was not insured under the policy of insurance.

The judgment is in all respects affirmed.

All concur.