**LEARFIELD COMMUNICATIONS, INC., Plaintiff–Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY CO., Defendant–Respondent.**

No. WD 45431.

Missouri Court of Appeals, Western District.

June 2, 1992.

Rehearing Denied July 28, 1992.

John S. Pletz, Jefferson City, for plaintiff-appellant.

Hamp Ford, Columbia, for defendant-respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

LOWENSTEIN, Chief Judge.

The insured, Learfield Communications, Inc. (Learfield) appeals from the judgment for Hartford Accident & Indemnity Co. (Hartford), arguing two points: 1) the trial court erred in finding the insurance policy unambiguous as to coverage for damage to property in transit, and, 2) the trial court erroneously allowed Hartford to add a defense to Learfield's claim after trial. Learfield, a broadcaster, really asks for the full replacement cost of its destroyed satellite dish, and for the cost of a smaller temporary dish under a business loss theory.

The facts are simple, and are accepted as per the stipulation entered by the parties. This court ignores those "facts" cited to by Hartford in its brief regarding its insurance policy and the dealings between the parties that are without any evidentiary support in the record.

Hartford, through its agent, entered into an insurance policy with Learfield with a $1,000 deductible, providing replacement cost coverage for Learfield's radio and television transmitting and receiving equipment, and providing coverage against certain business income losses. The policy provided, among other things, for coverage for certain direct physical loss to covered

property, which was defined in the coverage form as:

1. Fixed radio or television transmitting or receiving equipment at the premises described in the Schedule.
2. Mobile radio or television transmitting, receiving or recording equipment.

On the equipment schedule, under "Address of your covered premises," four were listed:

1. a Jefferson City, Mo. address
2. a Centertown, Mo. address
3. a Des Moines, Iowa address, and
4. "various unscheduled locations."

Also on the equipment schedule were the insurance limits, and for "fixed transmitting or receiving equipment," different limits were specified for each covered premise, ranging from $100,000 to over $300,000. However, for the "unscheduled locations" limit, a $15,000 cap per any one unscheduled location was in force.[1]

The events leading to this suit began on April 24, 1989, when Learfield notified Hartford that it would be moving its offices to a new location in Jefferson City, the transmitting and receiving equipment at Centertown and the old Jefferson City premise to follow later. On June 26, 1989, Learfield attempted to transfer to its new location a large satellite or "uplink" dish having a replacement value of approximately $60,000. The uplink dish had been at the Centertown premises, and was transported by helicopter using cables attached to the dish with bolts. The bolts apparently broke before the dish reached its destination, and it was damaged beyond repair when it fell from the helicopter and into a wheat field adjacent to the Jefferson City covered premise. The field was neither described in the policy, nor was it owned by Learfield.

Hartford issued a $14,000 check to Learfield for the damaged dish, stating that it was not at a scheduled location, and therefore the $15,000 cap, less the $1,000 deductible, applied under the policy. Hartford later stated that it actually owed Learfield

nothing under the policy, as the uplink dish was not "fixed" at the time of the damage, but has not demanded return of the $14,000 check. Learfield claimed that Hartford owed payment for the full replacement cost of the dish, and for the $10,000 Learfield spent on a small uplink dish to avoid the possibility of the interruption of operations, under the business loss provisions. Hartford refused payment, and the suit and this subsequent appeal followed.

### Replacement of large dish

Learfield appeals the trial court decision, maintaining that the insurance policy was ambiguous as to whether equipment was covered while in transit, and that therefore this court must interpret the contract against Hartford, to find coverage for the large dish being moved. It is true that nowhere in the policy is the coverage of property in transit addressed. Therefore, coverage hinges on a finding of ambiguity in the location requirement and the "fixed" requirement upon which Hartford relies.

■ The standard of review and rules regarding policy ambiguity are as follows: 1) whether or not language is ambiguous is a question of law for the trial court, *West v. Jacobs*, 790 S.W.2d 475, 480 (Mo.App. 1990); 2) in determining whether the trial court has erred as a matter of law in interpreting the contract as unambiguous, *Anchor Centre Partners Ltd. v. Mercantile Bank, N.A.*, 803 S.W.2d 23, 32 (Mo. banc 1991), the appellate court reviews the policy itself to determine if any ambiguity exists, *Maryland Casualty Co. v. Martinez*, 812 S.W.2d 876, 881 (Mo.App.1991); 3) the language in question is ambiguous if it is "fairly susceptible of two interpretations," *English v. Old American Ins. Co.*, 426 S.W.2d 33, 36 (Mo.1968); and, 4) if no ambiguity exists, then the policy must be construed according to its plain meaning, *Krombach v. Mayflower Ins. Co., Ltd.*, 785 S.W.2d 728, 731 (Mo.App.1990).

■ This court finds no ambiguity in the requirement that property be at some particular location in order to be covered un-

1. See Appendix.

der the policy. The policy defines "Covered Property" as "Fixed radio or television transmitting or receiving equipment *at the premises described in the Schedule,"* (emphasis added). The Equipment Schedule also quite clearly describes four different "covered premises." The only one which applies to the dish dropped into the wheat field is "various unscheduled locations," and the accompanying $15,000 cap is also quite clear. No ambiguity exists, and Hartford is not liable for the full replacement cost of the large uplink dish. Nowhere can Learfield point to language in the policy that renders the location requirement ambiguous, nor to any language that would cover a large expensive piece of property damaged during transport while dangling from cables attached to a helicopter. The provision that "covered property" is covered only while in the U.S., Puerto Rico, or Canada does not render the location requirement ambiguous, as these territorial requirements quite reasonably and unambiguously are extra requirements over and above the "covered property" definitions, and would reasonably limit Hartford's liability on mobile equipment. Since Hartford has already paid and does not demand the return of the $15,000 owed if the dish is covered under the "unscheduled location" provision, there is no need for further inquiry into the meaning of "fixed" as a policy requirement.

### Business loss coverage

Learfield maintains that Hartford owes approximately $10,000 for the small dish under the business loss portion of the policy. However, it is questionable that Learfield has preserved this point on appeal, since neither point relied on specifically directs this court to any error by the circuit court regarding business loss. Rule 84.04(d). However, Learfield, in both points, discusses business loss, and analyzes Hartford's actions in light of the business loss coverage. Given this, and the unfortunate result that Learfield ultimately loses on the business loss issue, this court addresses the issue under the assumption that it was correctly raised and preserved.

First, the trial court concluded that under the policy, Hartford was only liable for business loss flowing from a covered property loss, and that since the large uplink dish was not covered because it was not "fixed," there was no business loss coverage at all. This was based on Hartford's arguments, made most clearly in its brief before this court, that Hartford is only liable for equipment which is attached to the covered premise. The policy states that covered property is: *"Fixed* radio or television transmitting or receiving equipment *at the premises* described in the Schedule," (emphasis added). Hartford states that "fixed" denotes a status of certain radio and television equipment, and it means what it says: affixed, attached, stuck to the ground. Therefore, according to Hartford, any "fixed" equipment which is moved is no longer covered under the policy at the moment it is unattached from the ground. However, Learfield strenuously argues that Hartford waived its "fixed" defense by not raising the defense in initial contact with Learfield, by maintaining that the "location" requirement killed Learfield's claim, by paying the $15,000 claim and so conceding "fixed" was not a critical component of coverage, etc. This court assumes for the sake of argument that Hartford has waived its "fixed" defense under the rule which prohibits an insurer from relying upon grounds different from those which it originally proclaims defeat liability.

■ The final issue, therefore, is what the business loss provision means. The policy states that 1) it pays for actual loss of business income for suspension of operations "directly caused by a 'loss' covered under" the policy, and 2) business loss coverage "only applies to premises for which a Limit of Insurance, applicable to 'Business Income', is listed in the Declarations or Schedule." Admittedly, only the three addresses given, not the "various unscheduled locations," have business loss coverage noted in the policy. However, it is unclear from the policy whether the "covered loss" must also occur at these three premises, or if only the "business income loss" must occur at the three premises.

Considering the rules of ambiguous insurance contracts, this court finds that the business loss provisions are fairly susceptible of two interpretations, *English v. Old American Ins. Co.*, 426 S.W.2d at 36, and will interpret business loss to be triggered by an "unscheduled location" loss which then results in a business income loss at one of the other three specific covered premises.

■ One type of "business loss" covered appears to be "extra expenses" necessary to avoid suspension of operations by the policy holder. Learfield states that the $10,000 cost of the small uplink dish was such an "extra expense." Hartford, however, is only liable for such extra expense "to the extent it reduces the amount of loss that otherwise would have been payable." Unfortunately, this court finds no evidence in the record, nor does Learfield point to any, of losses other than the money claimed for the small dish purchase that could be called "business income" loss. Learfield maintains that it believed the purchase of the small uplink dish was necessary to prevent suspension of operations. However, the small dish was never needed, was never used, and Learfield did not appear to suffer any "business income" losses from a suspension of operations due to the destruction of the large dish. Hartford bears no liability for any "extra expenses," and the point is denied.

The cause is affirmed, respondent insurer not being liable under the policy for the full replacement cost of the property because the location requirement was clear and unambiguous, and not being liable for business income loss, since there was no evidence of such.

Affirmed.

All concur.

BRECKENRIDGE, J., recused.

# APPENDIX

COMMERCIAL INLAND MARINE
## COMMERCIAL RADIO OR TELEVISION
## EQUIPMENT SCHEDULE

**THE HARTFORD**

This schedule provides supplementary information to be used with the Commercial Inland Marine Radio or Television Equipment Coverage.

Policy Number: ___37MS EH4812___

**ADDRESS OF YOUR COVERED PREMISES**

1. 216 E MCCARTY, JEFFERSON CITY, MO 65101
   AS PER SCHEDULE ON FILE WITH COMPANY

2. S.E. ¼, SEC 25, TWP 26N RGE 14W COLE CO., CENTERTOWN MO 65023
   AS PER SCHEDULE ON FILE WITH COMPANY

3. 2700 GRAND AVENUE, DES MOINES IOWA 50312
   AS PER SCHEDULE ON FILE WITH COMPANY

**COMMERCIAL RADIO OR TELEVISION EQUIPMENT**

Rate: $ __VRS__          Premium: $ __5,624.__          Deductible: $ __1,000.__

Coverage is provided for A., B., C. and D. below only if a Limit of Insurance is shown.

| At your premises above: | Limits of Insurance #1 | #2 | #3 |
|---|---|---|---|
| A. Radio or Television Towers | $_____ | $_____ | $_____ |
| B. Fixed Transmitting or Receiving Equipment | $ 343,950 | $ 324,200 | $ 109,664 |
| C. Mobile Transmitting or Receiving Equipment | $ 150,000 | $_____ | $_____ |
| D. Transmitting or Receiving Buildings | $_____ | $_____ | $_____ |

**ADDRESS OF YOUR COVERED PREMISES**

4XX VARIOUS UNSCHEDULED LOCATIONS
    AS PER SCHEDULE FILE WITH COMPANY

2. _____

3. _____

**COMMERCIAL RADIO OR TELEVISION EQUIPMENT**

Rate: $ __VRS__          Premium: $ __2,936.__          Deductible: $ __1,000.__

Coverage is provided for A., B., C. and D. below only if a Limit of Insurance is shown.

| At your premises above: | Limits of Insurance #X4 | #2 | #3 |
|---|---|---|---|
| A. Radio or Television Towers | $_____ | $_____ | $_____ |
| B. Fixed Transmitting or Receiving Equipment | $ 100,000 NOT TO EXCEED | $15,000 ANY ONE | UNSCHEDULED LOCATION |
| C. Mobile Transmitting or Receiving Equipment | $_____ | $_____ | $_____ |
| D. Transmitting or Receiving Buildings | $_____ | $_____ | $_____ |